United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MAR PARTNERS 1, LLC,

    Plaintiff,

v.

AMERICAN HOME MORTGAGE SERVICING, INC., POWER REO MANAGEMENT SERVICES, INC., and WELLS FARGO BANK, NATIONAL ASSOCIATION, and DOES 1–50, inclusive,

    Defendants.

No. C 10-02906 WHA

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND VACATING HEARING**

## INTRODUCTION

In this action regarding the purchase of nine bank-owned properties in Illinois, defendant bank companies move to dismiss all claims asserted against them by plaintiff Mar Partners 1, LLC. For the reasons that follow, the defendants' motion to dismiss is **GRANTED**. Plaintiff is given leave to amend.

## STATEMENT

Plaintiff Mar Partners 1, LLC alleges that in May 2009, it entered into a verbal agreement with defendant American Home Mortgage Servicing, Inc. regarding the purchase of nine real properties owned and managed by defendants American Home Mortgage, Power REO Management Services, Inc., and Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-1, Asset-Backed Certificates, Series 2007-1 (Compl. ¶ 7; Br. 2). Pursuant to the

oral agreement, plaintiff submitted bids to purchase these nine properties, and was the winning bidder (Compl. ¶¶ 7–14). Plaintiff alleges that defendants agreed to deliver recorded quitclaim deeds to plaintiff as the buyer of these properties. For over a year, defendants failed to perform, and plaintiff still has not received the quitclaim deeds. Plaintiff, however, performed all of its obligations under the agreement, paying the bid purchase price of $113,500. In March 2010, plaintiff notified defendants in writing that plaintiff was rescinding the contract and demanded a return of the $113,500 consideration. Defendants refused. Plaintiff asserts two causes of action based on these facts: (1) breach of contract, and (2) rescission.

**ANALYSIS**

**1. STANDARD OF REVIEW.**

To survive a motion to dismiss for failure to state a claim, a pleading must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. FRCP 12(b)(6); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 1949-50. "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

Dismissal without leave to amend is only appropriate when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citation omitted).

**2. STATUTE OF FRAUDS.**

Defendants assert that the oral contract for the purchase of the nine properties is barred by the statute of frauds (Br. 4). Under either Illinois law or California law, a real estate contract must be in writing. In the absence of an effective choice of law by the parties, it is not necessary to find which law applies, as both states' laws are substantially similar on this point. The Illinois

statute of frauds provides in relevant part that "[n]o action shall be brought to charge any person upon any contract for the sale of lands . . . unless such contract or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith[.]"  740 ILCS 80/2 (2010).  The California statute of frauds similarly states:

> The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent:  . . .  (3) An agreement for the leasing for a longer period than one year, or for *the sale of real property*, or of an interest therein; such an agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent is in writing, subscribed by the party sought to be charged.

Cal. Civ. Code § 1624 (2009) (emphasis added).  In both states, it is clear and well-settled law that the contract for the sale of real property must be written and signed.  Illinois courts have long recognized that under the statute of frauds, a real estate contract is only enforceable if it is memorialized in a written document that contains a description of the property and the sales terms, including price and manner of payment, and the contract bears the signature of the party to be charged.  *Karris v. US Equities Dev., Inc.*, 376 Ill. App. 3d 544, 550 (2007).  Since *Forrester v. Flores*, 64 Cal. 24, 25–26 (1883), California courts have held that the contract for the sale of real property is invalid unless it is in writing.  The required elements in a Californian real estate contract are identification of the seller, buyer, price, time and manner of payment, and a description of the property.  *Hennefer v. Butcher*, 182 Cal. App. 3d 492, 501 (1986).

In neither plaintiff's complaint nor its opposition does plaintiff allege any written and signed contract between plaintiff and defendants for the sale of the nine Illinois properties, let alone one with a description of the properties, the price, and the manner of payment.  Thus, even if plaintiff's allegations of an oral agreement are taken as true, plaintiff fails to state a viable breach of contract claim under either California or Illinois law, because both states require a written contract for real estate claims.  The oral contract is voidable under both states' statute of frauds.  Moreover, plaintiff's second cause of action, rescission, fails in the same manner as the breach of contract claim, because there was no valid contract for plaintiff to rescind.

Plaintiff's opposition, however, does note a written contract in the bidding process entitled "AHMSI Large Volume REO Sales Process" terms and conditions (Opp. 1). Plaintiff does not state what is included in these terms and conditions, and whether the parties, properties, price, or payment were identified and both parties signed, but it is possible that this omission could cure the complaint.

### 3. THE EXCEPTION FOR COMPLETE PERFORMANCE DOES NOT APPLY.

Plaintiff argues that because it paid for the properties, there has been complete performance of the verbal contract, which is an equitable exception to the statute of frauds. Under California law, the statute of frauds is to be used only for the prevention of fraud, and not to perpetrate fraud; i.e. "as a shield, not as a sword." *Colon v. Tosetti*, 14 Cal. App. 693, 695 (1910). Thus, when there has been complete performance of an oral agreement, there is "an absence of fraud or deceit implied by law." *Ibid.* Illinois makes a similar exception for complete performance; the courts hold that if a party completely performs a contract, that contract is enforceable even if it would be otherwise barred by the statute of frauds. *Meyer v. Logue*, 100 Ill. App. 3d 1039, 1043 (1981). Illinois courts similarly reason that when one party fully performs her part of an oral contract, that performance strongly indicates the existence of a contract; therefore, the other party should not be allowed to rely on the statute of frauds to escape her reciprocal obligations. *Ibid.* Thus, under either California or Illinois law, complete performance of an oral contract bars the statute of frauds from voiding the oral contract.

Under either California or Illinois law, however, plaintiff has not completely performed the real estate contract. In California, it is a well-settled legal principle that a real estate contract is deemed completely performed only when the buyer pays for the property *and* either takes possession or makes improvements to the property. Over one hundred years ago the California Supreme Court held that a payment for property alone could not constitute complete performance of a contract for real property:

> It is only where the payment is accompanied by a *change of possession* in the land, *or the expenditure of money upon it*, on the faith of the oral agreement, and where the failure to perform by the vendor would work a gross fraud upon the vendee, that a court of

4

> equity will decree specific performance by compelling the execution of a deed.

*Forrester*, 64 Cal. at 26–27 (emphasis added). California courts today affirm this principle that complete performance of a real estate contract can not consist of payment alone, but must also include either possession or substantial improvements to the property in reliance on the oral agreement. *Sutton v. Warner*, 12 Cal. App. 4th 415, 422 (1993). Illinois law is substantially similar to California law, and is equally well-settled. For over one hundred years, Illinois courts have held that "a payment of the purchase money alone, without either possession or improvements, is not such a part performance, as to take the case out of the statute [of frauds]." *Koenig v. Dohm*, 209 Ill. 468, 479 (1904). Modern Illinois courts have affirmed this principle. *Thomas v. Moore*, 55 Ill. App. 3d 907, 911–12 (1977).

Plaintiff's complaint alleged neither possession nor substantial improvements to the nine Illinois properties. Without at least one of these elements, under either California law or Illinois law, the real estate contract has not been performed completely, and so the statute of frauds bars plaintiff's claims. However, the complaint may be cured if plaintiff alleges either possession or substantial improvement of these properties. If plaintiff cannot in good faith so allege, then perhaps plaintiff can allege facts sufficient to recover its money. It would be unfair for defendants to keep plaintiff's money without delivering the property, at least at first blush.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss all claims asserted in the complaint is **GRANTED**. Within **FOURTEEN CALENDAR DAYS**, plaintiff may file a motion on the normal 35-day track seeking to cure the foregoing deficiencies. A proposed amended complaint must be appended to such a motion, and the motion should clearly explain why each amended

5

claim overcomes the deficiencies stated herein.  Accordingly, the September 2 hearing scheduled for those motions is **VACATED**.

**IT IS SO ORDERED.**

Dated:  August 11, 2010.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6