IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAR PARTNERS 1, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC.; POWER REO MANAGEMENT SERVICES, INC.; WELLS FARGO BANK, NATIONAL ASSOCIATION; DOES 1-50, inclusive,<br><br>  Defendants.<br>_____ / | No. C 10-02906 WHA<br><br>**ORDER GRANTING MOTION TO FILE FIRST AMENDED COMPLAINT AND VACATING HEARING** |

**INTRODUCTION**

In this action regarding the purchase of nine bank-owned properties in Illinois, plaintiff moves to file first amended complaint. For the following reasons plaintiff's motion is **GRANTED**.

**STATEMENT**

Plaintiff, Mar Partners 1, LLC alleges that in May 2009 it entered into an oral agreement with defendants, American Home Mortgage Servicing, Inc. (AHMSI), Power REO Management Services, Inc., and Wells Fargo Bank to purchase nine bank-owned properties (Dkt. No. 17 Exh. 1 ¶ 8). The bidding process to purchase defendants' properties was presented, dictated and conducted by AHMSI pursuant to its written "AHMSI Large Volume REO Sales Process" packet

(Dkt. No. 17 Exh. 1 ¶ 7). Plaintiff was presented with the packet prior to May 2009. The packet contains the terms and conditions of the bidding process.

Pursuant to oral agreement, plaintiff submitted bids to purchase the nine properties and was the winning bidder (Dkt. No. 17 Exh. 1 ¶ 9). In compliance with the packet, numerous related email and telephone correspondence, AHMSI agreed to deliver quitclaim deeds for the nine properties (Dkt. No 17 Exh. 1 ¶ 8). Plaintiff claims it performed all of its obligations under the agreement, paying the bid purchase price of $113,500 for the nine properties.

Plaintiff alleges that defendants controlled the bidding process, all documentation, paperwork, and protocol for the sale of REO properties (Dkt. No. 17 Exh. 1 ¶ 11). Furthermore, plaintiff alleges that defendants did not, as a matter of custom and practice, offer any personally signed documentation in connection with the bid process, and with the exception of submitting a bid price, plaintiff did not have any ability to modify or change the terms of the defendants' REO bid process.

For over a year, defendants failed to perform and plaintiff still has not received the quitclaim deeds or any portion of the purchase price despite repeated requests. Plaintiff has since repeatedly demanded a return of the $113,500 consideration (Dkt. No. 17 Exh. 1 ¶ 10).

Plaintiff's original complaint was dismissed for failure to state a claim because the oral contract was barred by the statute of frauds (Dkt. No. 16). Under Illinois and California law, a real estate contract must be in writing. Plaintiff was given leave to amend and was advised to attach the written agreement between the parties regarding the nine properties. Plaintiff, however, argues that it never alleged the existence of a written contract between the parties and has only alleged the existence of a non-written agreement between the parties (Dkt. No. 22 at 3). Defendants allege that plaintiff, in the proposed amended complaint, quotes extensively from a written agreement between the parties and has avoided a pleading approach recognizing the written agreement because it would demonstrate that plaintiff's claims are without merit (Dkt. No. 19 at 2). Defendants, though, allege the existence of a written agreement between the parties, but do not attach such an agreement to its opposition to prove its existence.

2

Plaintiff still does not allege in its amended complaint that there was any written agreement or signed contract between the parties for the sale of the nine properties. Plaintiff asserts four claims based on these facts in its proposed first amended complaint: (1) estoppel to assert statute of frauds, (2) constructive trust, (3) money had and received, and (4) fraud (Dkt. No. 17 Exh. 1 ¶¶ 13–16). The claims in the proposed first amended complaint are based primarily on equitable grounds, on which plaintiff seeks restitution.

**ANALYSIS**

FRCP 15(a) provides that leave to amend should be freely given "when justice so requires." FRCP 15 provides the procedural mechanism for alleging new and supplemental claims against an opposing party. A pleading may be amended under FRCP 15 to eliminate certain claims or claims against certain parties.

Plaintiff's proposed amended complaint changes the claim from breach of contract to equitable estoppel to bar defendants' reliance on the statute of frauds. In addition, plaintiff adds constructive trust, money had and received and fraud as claims in its proposed amended complaint. Plaintiff is within its right to amend its complaint, the motion is **GRANTED**. Of course, this order is for pleading purposes only and subject to revisiting after factual development.

**CONCLUSION**

Plaintiff's motion to file a first amended complaint is **GRANTED**. The hearing previously set for September 30, 2010, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: September 22, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3