IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAR PARTNERS 1, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC.; POWER REO MANAGEMENT SERVICES, INC.; WELLS FARGO BANK, NATIONAL ASSOCIATION; DOES 1-50, inclusive,<br><br>Defendants.<br>_____ / | No. C 10-02906 WHA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND VACATING HEARING** |

**INTRODUCTION**

In this action concerning the purchase of nine bank-owned properties in Illinois, defendants move to dismiss plaintiff's second amended complaint. Specifically, defendants Power REO Management Services and Wells Fargo Bank move to dismiss all claims against them, and defendant American Home Mortgage Servicing moves to dismiss all claims except the breach of contract claim against it. For the following reasons defendants' motion is **GRANTED**.

**STATEMENT**

Plaintiff, Mar Partners 1, LLC, asserts five claims against defendants American Home Mortgage Servicing, Inc., Power REO Management Services, Inc., and Wells Fargo Bank, N.A., in its second amended complaint (Dkt. Nos. 42 and 43). Plaintiff alleges that in May 2009, it submitted bids to purchase various bank-owned real properties "owned, managed, or serviced by

1   AHMSI, WELLS, and DOES 1-50." The bidding process was conducted by American Home
2   Mortgage Servicing pursuant to its written "AHMSI Large Volume REO Sales Process" packet,
3   which contained terms and conditions of the bidding process. Included among these terms and
4   conditions was the requirement that plaintiff execute and deliver certain "HUD forms." Plaintiff
5   bid on a package of properties including nine properties in Illinois, and on or about May 29, 2009,
6   American notified plaintiff that it was the winning bidder.

7   According to the complaint, pursuant to the terms of the packet and correspondence
8   between the parties, American agreed to deliver quitclaim deeds to each property within a
9   reasonable time to plaintiff upon receipt of payment from plaintiff. On or about May 29, 2009,
10  plaintiff paid the agreed sum of $113,500 to "defendants" for the quitclaim deeds. Plaintiff
11  asserts that "defendants" have since failed to deliver any of the deeds, nor have "defendants"
12  returned any portion of the purchase price paid by plaintiff, despite repeated requests therefor.

13  Plaintiff alleges that "Defendants absolutely controlled said process and controlled all
14  documentation, paperwork, bidding, and protocol for the sale of its massive vault of REO
15  properties." Furthermore, plaintiff alleges that, with the exception of submitting a bid price, it did
16  not have any ability to modify or change the terms of the "defendants' " bid process.

17  Plaintiff's original complaint was dismissed for failure to state a claim because the breach
18  of oral contract claim alleged therein was found to be barred by the statute of frauds (Dkt. No.
19  16). Plaintiff was granted leave to file a first amended complaint (Dkt. No. 24). Defendants
20  moved to dismiss and plaintiff moved for leave to file a second amended complaint; plaintiff was
21  granted leave to file its second amended complaint, the current operative complaint (Dkt. No. 39).

22  Plaintiff's second amended complaint states claims for: (1) breach of written contract,
23  (2) equitable estoppel, (3) constructive trust, (4) money had and received, and (5) fraud, the last
24  against defendant American only. Plaintiff has also filed, as an exhibit to the complaint, the
25  "packet" discussed above. It includes forms relating to certain of the properties at issue, signed
26  by representatives of plaintiff and American Home Mortgage Servicing. The second amended
27  complaint states: "The email and telephone correspondence between the partes [sic], together
28  with the PACKET and the HUD FORMS (executed by Plaintiff and AHMSI) constitute a written

1  agreement between the parties. The PACKET and HUD FORMS are incorporated herein and
2  attached as Exhibit 'A.'" Therefore, unlike their earlier motion, defendants do not move to
3  dismiss based on the statute of frauds. Rather, they argue that all claims stated in the complaint
4  except the claim for breach of contract against defendant American fail to state claims upon
5  which relief can be granted.

**ANALYSIS**

Plaintiff's complaint asserts a straightforward factual scenario of a written agreement between plaintiff and American Home Mortgage Servicing, pursuant to which plaintiff paid for nine properties but was stiffed for the quitclaim deeds.

**1.   STANDARD OF REVIEW**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

Federal Rule of Civil Procedure 9(b) requires that in all averments of fraud the circumstances constituting fraud must be stated with particularity. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Rule 9(b) serves to give defendants notice of the specific fraudulent conduct against which they must defend. *See Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

The second amended complaint does not indicate which state's law plaintiff's claims are brought under. The parties do not address choice of law in briefing, though defendants cite

3

California law. In a diversity case, as we have here, the district court must apply the choice-of-law rules of the state in which it sits. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). The parties do not present a conflict between California law, Illinois law, or any other law that would apply to the instant motion. Therefore, according to California's choice-of-law principles, California law governs determination of the motions. *See Wash. Mut. Bank v. Superior Ct.*, 24 Cal. 4th 906, 919 (2001).

**2.    BREACH OF WRITTEN CONTRACT AGAINST POWER REO AND WELLS FARGO**

Plaintiff has failed to state a claim for breach of contract against defendants Power REO and Wells Fargo. The second amended complaint alleges no facts that would lead to a reasonable inference that there was a contract between plaintiff and these two defendants, let alone that it was breached. There are no specific allegations made against defendant Power REO. And the whole of the allegations against defendant Wells Fargo are that the properties plaintiff allegedly bought were "owned, managed, or serviced by AHMSI, WELLS, and DOES 1-50." Wells Fargo is not otherwise mentioned and there is no indication that plaintiff entered into a contract with Wells Fargo.

Under California law, a claim for breach of contract requires: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008) (citation omitted). As no contract with Power REO or Wells Fargo is alleged, plaintiff has failed to state this claim against them. In opposition, plaintiff solely states that the complaint alleges "agency of all named defendants." Yet this is a conclusory claim, and the complaint sets forth no facts in support or indication of how this purported agency relationship would bring these defendants within the ambit of the breach of contract claim against American. Nor can plaintiff state a claim for breach of contract against Power REO or Wells Fargo by lumping together all named "defendants," as it does in many of its general allegations. Such tactics fail to provide these defendants with notice of the claims against them and are insufficient to defeat a motion to dismiss for failure to state a claim.

4

### 3. FRAUD AGAINST AMERICAN HOME MORTGAGE SERVICING

Plaintiff has failed to state a claim of fraud against defendant American. Under California law, "the required elements for claims for fraud [are]: (a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *In re Estate of Young*, 160 Cal. App. 4th 62, 79 (2008) (citation and quotation marks omitted). And, as reviewed above, plaintiff must state its claim of fraud against American with particularity.

Plaintiff has failed to do so. This claim consists of quotations from the "AHMSI Large Volume REO Sales Process" packet, and states that they were "false when made and presented to Plaintiff." The claim then states that "Defendant AHMSI never intended to comply with terms of its own promise to *timely* supply Quit Claim Deeds to Plaintiff for the PROPERTIES" (emphasis in original), and that this was consistent with a pattern of its past practice. The complaint never gives any indication of how the statements in the packet were misrepresentations, how defendant knew of their falsity, or how defendant intended to induce plaintiff's reliance, by stating any facts in support. In opposition to the instant motion, plaintiff states that "Defendants' [sic] knowledge of the falsity, is an obvious inference" from the other general allegations in the complaint. *First*, it is not an obvious inference. *Second*, even if it was, such an inference would not be sufficient to meet the requirement that a fraud claim must be pled with particularity under Rule 9(b).

If discovery or other investigation reveals fraud then perhaps a fraud claim can be added later so long as the motion to do so is reasonably made. Still, plaintiff will be given another chance to plead below.

### 4. EQUITABLE ESTOPPEL, CONSTRUCTIVE TRUST, AND MONEY HAD AND RECEIVED

Plaintiff's complaint asserts equitable estoppel, constructive trust, and money had and received as separate claims for relief, but these too fail as claims upon which relief can be granted.

Equitable estoppel is a defense doctrine. *See Jablon v. United States*, 657 F.2d 1064, 1068 (9th Cir. 1981) ("[E]quitable estoppel is used to bar a party from raising a defense or objection it otherwise would have, or from instituting an action which it is entitled to institute. . . . [E]quitable

5

estoppel is a shield."). Even plaintiff's opposition to the instant motion states: "[This doctrine] is used to bar the Statute of Frauds defense anticipated by Defendant." An anticipated equitable defense does not state a claim for relief.

Constructive trust is an equitable remedy. *See Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1069 (1998). Regardless of whether or not plaintiff would be entitled to this remedy based on its surviving claim for breach of contract, it is not a separate claim for relief. Plaintiff's opposition states nothing to the contrary.

Lastly, money had and received is a common count which, under California law, is not a specific claim but is instead a form of pleading used to aver the existence of monetary indebtedness. "When a common count is used as an alternative way of seeking the same recovery demanded in a specific [claim], and is based on the same facts," it does not survive if the underlying claim does not survive. *McBride v. Boughton*, 123 Cal. App. 4th 379, 394 (2004) (citations omitted). Therefore, this claim fails unless it can be maintained as derivative of plaintiff's breach of contract claim. Yet, an action for money had and received is based on the existence of a quasi-contract. *See Pollak v. Staunton*, 210 Cal. 656, 665 (1930). "An action in quasi-contract . . . does not lie when an enforceable, binding agreement exists defining the rights of the parties." *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996) (citation omitted); *see also Lloyd v. Williams*, 227 Cal. App. 2d 646, 649 (1964). Again, plaintiff states nothing to the contrary. The complaint indicates that there is an enforceable, binding agreement that exists to define the rights of the parties. As such, plaintiff has not stated a claim for money had and received.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss all claims against defendants Power REO Management Services, Inc., and Wells Fargo Bank, N.A., and all claims except the breach of contract claim against defendant American Home Mortgage Servicing, Inc., in plaintiff's second amended complaint is **GRANTED**. Within **FOURTEEN CALENDAR DAYS**, plaintiff must file a motion on the normal 35-day track seeking to cure the foregoing deficiencies. A proposed amended complaint must be appended to such a motion, and the motion should

6

clearly explain why the amended complaint overcomes the deficiencies stated herein.  A complaint solely alleging breach of contract against defendant American Home Mortgage Servicing including similar allegations to those in the second amended complaint would do so. The hearing on January 13, 2011, is **VACATED**.

**IT IS SO ORDERED.**

Dated:  January 4, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE